NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

EVE I. KLEIN
DIRECT DIAL: +1 212 692 1065
PERSONAL FAX: +1 212 202 7559
E-MAIL: eiklein@duanemorris.com

*www.duanemorris.com*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

February 17, 2015

**VIA ECF**

Honorable Cathy Siebel
United States District Court, Southern District of New York
Federal Building & United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    **Balchem Corp. v. Charles A. Nicolais, Case No. 14-9219 (CS)**

Dear Judge Seibel:

    We represent the Plaintiff, Balchem Corp., in the above referenced matter. We write in advance of the upcoming conference scheduled for February 19, 2015 at 10:30 a.m. to advise the Court regarding (1) recent developments pertaining to Defendant Charles Nicolais' request for leave to file a *futile* motion pursuant to Rule 12(b)(6) and/or 28 U.S.C. § 1404 to dismiss, transfer or stay this action on the ground that a prior action addressing the same controversy is pending in the United States District Court for the Eastern District of Missouri ("Missouri Action"), and (2) Balchem's need for expedited discovery in light of Nicolais' having spoliated emails and potentially other evidence on Balchem's laptop before returning it.

    In the Missouri Action, the Court now has *sub judice* Balchem's motion to transfer that action to this Court, pursuant to 28 U.S.C.§ 1404(a), on the ground that the subject Employment Agreement contains a clear and explicit mandatory forum selection clause requiring any action respecting it to be filed either in this Court or in the Supreme Court of the State of New York, County of Orange. The bases of Nicolais' opposition to that motion are specious and directly relevant to its request to file its motion to dismiss, transfer or stay here.

    Nicolais' lead argument in opposition to Balchem's transfer motion in the Missouri Action is that the Employment Agreement was procured by fraud and, therefore, its admittedly mandatory forum selection clause must be deemed inoperative. As made clear in Balchem's reply brief in the Missouri action, Nicolais' argument is without merit. The law on this issue is clear and settled that only when the forum selection clause itself is procured by fraud can

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000  FAX: +1 212 692 1020
DM1\5397087.1

disputes over its validity be litigated in a forum other than that which the parties agreed to. As the United States Supreme Court succinctly explained:

> In The Bremen we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement [is] unaffected by fraud . . . .'. This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable *if the inclusion of that clause in the contract was the product of fraud or coercion.*

Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974) (emphasis supplied; internal citations omitted); J.B. Harris, Inc. v. Razei Bar Indus., Ltd., 1999 U.S. App. LEXIS 8577 (2d Cir. N.Y. 1999) ("[A] fraudulent inducement claim is no defense to a motion to dismiss based on a forum selection clause unless the fraud procured agreement to the clause specifically, rather than to the contract as a whole"); Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753 (8th Cir. Mo. 2001) ("The general allegation by Marano that it was induced by fraud to enter into the franchise and development agreements is insufficient to raise an issue that the forum-selection clauses within those agreements may be unenforceable because of fraud, and so Marano's argument must fail").

Nicolais makes no allegations in the Missouri Action (or even within a proposed amended complaint therein) that the inclusion of the forum selection clause was procured by fraud and, in fact, seeks to enforce his purported rights under the Employment Agreement. Therefore, as a matter of law, the forum selection clause in the Employment Agreement clearly dictates the venue of the parties' dispute with respect to it, and any motion by Nicolais to dismiss, transfer or stay would be futile.

Nicolais' second contention in opposition to Balchem's motion to transfer the Missouri Action to this Court is equally baseless. He argues that the Employment Agreement was prepared pursuant to the requirements of the Stock Purchase Agreement ("SPA") he signed with Balchem, pursuant to which Nicolais personally received $61.5 million from the sale of the company he founded to Balchem. Nicolais argues that the forum selection clause contained in the SPA, which designates the Court of Chancery in the State of Delaware, is permissive and allows suits to be filed anywhere, yet nevertheless argues, without any attempt to reconcile his positions, that this clause conflicts with the Employment Agreement's requirement that actions be filed in this Court. Of course, if the SPA's forum selection clause is permissive, as Nicolais contends, there is no conflict and the mandatory forum selection clause contained in the Employment Agreement must prevail for disputes falling under it. And even if the SPA's forum section clause was interpreted to be mandatory, then the conflict would be between litigating in New York versus Delaware (where no action is pending) – and there still would be no basis for the matter to be heard in Missouri.

DuaneMorris

Honorable Cathy Siebel
February 17, 2015
Page 3

     Finally, while Nicolais is seeking to waste the Court's and parties' time making a frivolous motion to dismiss, transfer or stay, he has already spoliated evidence. After Balchem requested Nicolais return its laptop, Nicolais delayed returning it for several weeks. A forensic examination Balchem had conducted of the laptop revealed that, in the several week period Nicolais delayed responding to Balchem's demand to return the laptop, he had the operating system re-installed, the clear purpose of which was to overwrite the data on the hard-drive, including, upon belief, emails which he wrote reflecting that he had no intention of actually working for Balchem as required by the Employment Agreement. Given his spoliation of the information on the laptop, Balchem wants immediate discovery into Nicolais' personal accounts, communications with third parties and all documentation in his possession before any further evidence is destroyed.

     We look forward to addressing all of these issues with the Court on Thursday.

Respectfully yours,

*Eve I. Klein*

Eve I. Klein

EIK:jb

Cc:   John E. Petite, Esq.
       James N. Foster, Jr., Esq.
       Leonardo Trivigno, Esq.